**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| LORI ANN WATTAWA, | DOCKET NUMBER |
| Appellant, | CH-3443-17-0551-I-1 |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY, | DATE: March 20, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lori Ann Wattawa, Eden Prairie, Minnesota, pro se.

Katie A. Chillemi, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her involuntary retirement and individual right of action (IRA) claims for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We MODIFY the initial decision to find that the appellant's involuntary retirement claim was not barred by the settlement agreement's waiver provision, address her claims as to the agency's actions for the period between the effective date of the settlement agreement and her retirement, and explain the correct basis for analyzing her motion for a protective order. Except as expressly modified, we AFFIRM the initial decision.

## BACKGROUND

The appellant was employed by the agency until she retired on October 1, 2016. Initial Appeal File (IAF), Tab 1 at 4. On November 25, 2014, while still employed, she filed a lawsuit against the agency in the U.S. District Court for the District of Minnesota, alleging discrimination and harassment. IAF, Tab 15 at 15; *see Wattawa v. Johnson*, No. 14-4853, slip op. at 1 (D. Minn. Oct. 9, 2015). On September 14, 2015, she and the agency entered into an agreement settling her lawsuit. IAF, Tab 15 at 15-16. Under its terms, the appellant agreed to waive all claims "arising out of or in connection with any event occurring before the date of the settlement agreement." *Id.* at 18-19. She further agreed to resign or retire from Federal service on or before October 1, 2016, and to perform the assigned duties commensurate with her grade and position until then. *Id.* at 17-18. In return, the agency agreed to pay her $35,000 and allow her to telework full-time

until she resigned or retired. *Id.* at 16-17. The appellant had 21 days to consider the agreement before signing it and could revoke it within 7 days of its execution in a signed writing to the agency. *Id.* at 19-20.

In September 2017, the appellant filed a Board appeal challenging the validity of the settlement agreement and alleging that the agency forced her to retire. IAF, Tab 1 at 4-7. In a set of jurisdictional orders, the administrative judge notified the appellant of her burden of proving that the settlement agreement did not divest the Board of jurisdiction over her appeals, that her retirement was involuntary, and that the Board had jurisdiction over her reprisal claims as an affirmative defense or as an IRA appeal. IAF, Tab 2 at 2-5, Tabs 12, 17. The administrative judge also apprised the appellant of her burden of showing that a mental impairment prevented her from entering into the agreement voluntarily. IAF, Tab 12 at 3. Both parties submitted responses. IAF, Tabs 9-10, 13-15, 19. The appellant also filed three motions for protective orders, which the administrative judge denied. IAF, Tabs 4, 11, 20.

The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction, without holding the appellant's requested hearing. IAF, Tab 24, Initial Decision (ID) at 1-2, 10. She found that the appellant did not nonfrivolously allege that the settlement agreement was invalid and that the agreement's waiver provision barred the appellant from challenging any pre-separation actions relating to her employment, including her retirement. ID at 4-8. Limiting consideration of the appellant's reprisal allegations relating to the agency's post-separation actions, the administrative judge dismissed the IRA claim for failure to prove exhaustion. ID at 8-10.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response, to which the appellant has replied. PFR File, Tabs 3, 5.

**DISCUSSION OF ARGUMENTS ON REVIEW**

<u>The Board lacks jurisdiction over the appellant's involuntary retirement appeal.</u>

The appellant retired pursuant to a settlement agreement reached in Federal district court. IAF, Tab 15 at 15-24. The Board may review the parties' settlement agreement to determine its effect on the appellant's right to pursue her Board appeal, even though the parties reached the agreement in another forum. *See Landers v. Department of the Air Force*, 117 M.S.P.R. 109, ¶¶ 2 n.1, 5 (2011) (considering the validity of a settlement agreement entered into in Federal district court to determine its effect on the appellant's Board appeal). The Board may consider the enforceability of any waiver of Board appeal rights and the appellant's challenges to the validity of the settlement agreement. *Id.*, ¶ 5.

Contrary to the administrative judge's finding, ID at 4-5, we find that the appellant did not waive her right to appeal her retirement before the Board. A settlement agreement is a contract, the interpretation of which is a matter of law. *Greco v. Department of the Army*, 852 F.2d 558, 560 (Fed. Cir. 1988). The words of the agreement are of paramount importance in determining the parties' intent when they contracted. *Id.* There is no indication that the appellant's retirement was the subject of the 2014 lawsuit. Under the terms of the settlement agreement, the appellant released the agency "from any and all claims, demands, and causes of action of every kind, nature or description, whether known or unknown . . . arising out of or *in connection with any event occurring prior to the date of th[e] settlement agreement*." IAF, Tab 15 at 18 (emphasis added). The provision expressly limited the covered events to those that gave rise to the lawsuit and that occurred before September 14, 2015. *Id.* at 16, 18. Thus, the waiver provision did not bar claims related to events occurring after September 14, 2015, including the appellant's retirement, and we modify the initial decision accordingly. We agree with the administrative judge that the waiver provision was broad enough to bar all claims relating to actions or events occurring before that date. ID at 4-5.

Nevertheless, the Board has found separations from service to be voluntary when an employee resigns or applies for retirement pursuant to the terms of a settlement agreement. *Eller v. Office of Personnel Management*, 121 M.S.P.R. 551, ¶ 22 (2014); *see generally Putnam v. Department of Homeland Security*, 121 M.S.P.R. 532, ¶ 21 (2014) (explaining that a retirement is presumed to be a voluntary act and beyond the Board's jurisdiction). Thus, to prove that her retirement was involuntary, the appellant must show that the agreement was unlawful, involuntary, or the result of fraud or mutual mistake. *See Bland v. Department of the Navy*, 71 M.S.P.R. 388, 391 (l996) (describing the bases for invalidating a settlement agreement), *aff'd*, 107 F.3d 30 (Fed. Cir. l997) (Table). An appellant must make a nonfrivolous allegation of jurisdiction to be entitled to a hearing. *Putnam*, 121 M.S.P.R. 532, ¶ 21. A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

On review, the appellant sets forth two bases for invalidating the settlement agreement: (1) she revoked it within the revocation period; and (2) the agency's conduct from 2007 onwards coerced her into signing the agreement. PFR File, Tab 1 at 4-8. We find that neither argument provides a basis for granting review.

The appellant identified at least three emails which she claims prove that she revoked the agreement. *Id.* at 4. Of the identified emails, only the purported September 21, 2015 email to her attorney and September 22, 2015 email to the presiding judge in her district court lawsuit were allegedly sent during the 7-day revocation period. *Id.*; IAF, Tab 15 at 24. The appellant has not submitted those emails or otherwise described their content. We therefore agree with the administrative judge that the appellant failed to make a nonfrivolous allegation that she revoked the agreement within the 7-day revocation period. ID at 5; IAF, Tab 15 at 18.

In support of her coercion and duress claims, the appellant reasserts on review that the agency tortured and harassed her by implanting devices on her body, assaulting her using electronic devices, stalking her, and controlling her

phone, car, laptop, and other personal belongings. PFR File, Tab 1 at 4-7. She also alleges that the agency discriminated against her and created a hostile work environment for her, and that it manipulated the equal employment opportunity (EEO) process by impersonating agency officials. *Id.* The administrative judge considered these arguments below and found that they did not constitute allegations that, if true, would prove she was coerced into signing the settlement agreement. ID at 6-8.

To establish that a settlement was the product of duress, the appellant must prove that she involuntarily accepted the other party's terms, that the circumstances permitted no alternative, and that those circumstances were the result of the agency's coercive acts. *Bland*, 71 M.S.P.R. at 391. As the administrative judge found, ID at 6-8, the appellant's implausible, uncorroborated claims of agency misconduct and harassment outside of the workplace are insufficient to meet her jurisdictional burden. *See* 5 C.F.R. § 1201.4(s)(2) (explaining that a nonfrivolous allegation is one that is plausible on its face). Her discrimination and hostile work environment claims are also conclusory. PFR File, Tab 1 at 4-7. Although the decision between retiring versus pursuing her discrimination claims using the EEO process while remaining employed may have been a choice between unpleasant alternatives, it does not render the settlement agreement involuntary. *See Lawson v. U.S. Postal Service,* 68 M.S.P.R. 345, 350 (1995) (explaining that the fact that an employee is faced with an inherently unpleasant situation, or that his choices are limited to unpleasant alternatives, does not make his decision to retire involuntary). Moreover, although the appellant states that she retired to protect her retirement benefits, IAF, Tab 1 at 4, she has not alleged that the agency misinformed her concerning her retirement eligibility or any other matter.

The appellant does not reassert her arguments that the negotiation process itself was coercive. IAF, Tab 18 at 11. The administrative judge found that the appellant was assigned an attorney to assist her during settlement negotiations

and received valuable consideration under the agreement. ID at 7; IAF, Tab 15 at 24, Tab 18 at 18. She further found that the appellant did not nonfrivolously allege that she was mentally impaired or unable to assist her counsel. ID at 7; IAF, Tab 15 at 19; *see Potter v. Department of Veterans Affairs*, 111 M.S.P.R. 374, ¶ 6 (2009) (recognizing that a party to a settlement agreement is presumed to have full legal capacity to contract unless he is mentally disabled and that mental disability is so severe that he cannot form the necessary intent). Under these circumstances, the appellant's claim—that she never would have signed the agreement because it lacked the "protection[s]" she desired, PFR File, Tab 1 at 4 —does not refute the voluntariness of her decision to enter into the settlement agreement. To the extent that the appellant was unilaterally mistaken about the terms of the agreement or became dissatisfied with the agreement after-the-fact, neither is a basis for invalidating the settlement agreement. *See Potter*, 111 M.S.P.R. 374, ¶ 6 (explaining that an appellant's mere post-settlement remorse or change of heart cannot serve as a basis for setting aside a valid settlement agreement); *Pawlowski v. Department of Veterans Affairs*, 96 M.S.P.R. 353, ¶ 15 (2004) (finding the appellant's unilateral mistake was not a basis for invalidating the settlement agreement).

The administrative judge did not consider whether any of the agency's post-settlement agreement actions rendered the appellant's retirement involuntary. ID at 4-5, 8. As argued below, the appellant alleges on review that the agency continued its pattern of harassment by engaging in the same conduct we addressed above in the year that she continued to work after signing the settlement agreement. PFR File, Tab 1 at 4-7; ID at 8. These claims of coercion are as unsupported as those she raised concerning the agency's pre-settlement conduct. Accordingly, we affirm the administrative judge's finding that the appellant has not nonfrivolously alleged that the agreement was invalid or involuntary, and, as a result, did not nonfrivolously allege Board jurisdiction over her involuntary retirement appeal.

The Board lacks jurisdiction over the appellant's IRA appeal.

In analyzing the appellant's reprisal claims, the administrative judge only considered those relating to the agency's post-separation actions. ID at 4-5, 8-10. As explained above, the agreement's waiver provision did not bar claims relating to actions occurring after its execution, unrelated to the subject matter of the settlement agreement. *See* IAF, Tab 15 at 16, 18-19. Therefore, we also consider whether the appellant established jurisdiction over her IRA appeal in connection with the alleged post-settlement actions.

Under 5 U.S.C. § 1214(a)(3), an employee is required to seek corrective action from the Office of Special Counsel (OSC) before seeking corrective action from the Board. *Baldwin v. Department of Veterans Affairs*, 113 M.S.P.R. 469, ¶8 (2010). The Board may only consider charges of whistleblowing that the appellant raised before OSC. *Id.*

Below, the appellant submitted evidence that she filed a complaint with OSC in 2013. IAF, Tab 19 at 12-24. The administrative judge properly concluded that this was insufficient proof that she exhausted her allegations regarding any post-separation conduct. ID at 9-10; *see Baldwin*, 113 M.S.P.R. 469, ¶ 8. This finding also applies to any additional post-settlement actions because there is no indication that the appellant's 2013 complaint covered actions that occurred at least 2 years later. IAF, Tab 19 at 12-24. On review, the appellant asserts that she contacted OSC by phone in September 2015 and created an account to access OSC's e-file system. PFR File, Tab 1 at 6. We need not consider this new argument because it does not affect the outcome of the appeal. *Cf. Schoenig v. Department of Justice*, 120 M.S.P.R. 318, ¶ 7 (2013) (considering the appellant's evidence of exhaustion submitted for the first time on review because it implicated the Board's jurisdiction and warranted an outcome different from that of the initial decision). Under certain circumstances, oral communications with OSC may be evidence of exhaustion. *See Johns v. Department of Veterans Affairs*, 95 M.S.P.R. 106, ¶¶ 15-18 (2003) (finding that

the appellant exhausted the matters specifically discussed during a telephone conversation with OSC).  Here, however, the appellant has not met her burden on exhaustion because she has not identified any particular post-settlement action that she discussed with OSC.  *See Baldwin*, 113 M.S.P.R. 469, ¶ 8.  Accordingly, we find that the Board lacks jurisdiction over her IRA appeal.[2]

The appellant has not established a basis for a protective order under 5 U.S.C. § 1204(e)(1)(B).

Below, the appellant filed three motions for protective orders based on the same purported criminal conduct underlying her involuntary retirement claim. IAF, Tabs 4, 11, 20.  The administrative judge apparently denied those motions because the Board lacked jurisdiction over her post-separation claims.   ID at 8 n.3.  On review, the appellant argues that the administrative judge erred in denying her motions.  PFR File, Tab 5 at 7.

The Board and its administrative judges are authorized to issue any order that may be necessary to protect a witness or other individual from harassment in connection with a pending Board matter.  5 U.S.C. § 1204(e)(1)(B); 5 C.F.R. § 1201.41(b)(14).  A request for such a protective order will not be granted unless the moving party offers a concise statement of the reasons and any relevant documentary evidence.  5 C.F.R. § 1201.55(d).  The Board will not grant such an order based on mere speculation.  *Pumphrey v. Department of Defense*, 122 M.S.P.R. 186, ¶ 14 (2015).  As explained above, neither the appellant's petition for review, nor her submissions before the administrative judge, contain sufficient information from which the Board could conclude that she has been, or may be, subjected to the sort of harassment from which 5 U.S.C. § 1204(e)(1)(B) (i) was meant to afford protection.  Therefore, we find that the appellant has not shown that she was entitled to a protective order and, to the extent that the administrative judge erred in relying on the incorrect standard in considering her

---

[2] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

motions, that error is not a basis for review. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (explaining that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board,* 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:           _____
                         Gina K. Grippando
                         Clerk of the Board

Washington, D.C.